[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of certain land located in the Town of Guilford containing approximately 14 acres and having frontage on Flag Marsh Road, Boston Post Road, and Joan Drive. On July 13, 1992, he applied to the defendant commission to subdivide the property into three residential building lots. The property is within the R-5 zoning district of the Town of Guilford which allows this use as a matter of right. The site plan application showed the subdivision to be serviced by an existing private road exiting upon Flag Marsh Road.
On July 15, 1992, the defendant commission at its regular meeting found the plaintiff's application to be complete and formally received it. At its meeting of September 2, 1992, the defendant commission found that the site plan had been approved CT Page 7037 by the inland wetlands agency and unanimously approved the plaintiff's site plan allowing the subdivision of the property into three building lots.
The defendant commission approved the application with the following conditions:
1. That prior to endorsement:
 A. The Applicant enter into an agreement with Board of Selectmen to establish a road improvement fund for Flag Marsh Road in the amount of $3,000 per lot.
B. That the private drive be named.
 2. That prior to issuance of a Certificate of Zoning Compliance for any lot, $3,000 be deposited in the Road Fund per the above-referenced agreement.
The plaintiff's appeal seeks only to strike the condition requiring him to pay $3,000 per lot into the Town's Road Fund.
The sole issue presented here is whether the defendant has the right or authority to require the plaintiff to contribute money to a town road fund as a condition for approving a subdivision. While the defendant has tried, on appeal, to raise an argument regarding drainage needs, the record is devoid of that concern. The defendant commission was worried about traffic on Flag Marsh Road, much of it from prior development, and had established a practice of conditioning subdivision approval on contribution of $3,000 per lot. Our statutory scheme does not allow such conditions. Property Group, Inc. v. Planning and Zoning Commission of the Town of Tolland, 226 Conn. 684 (1993).
The appeal is sustained.
BY THE COURT
Elaine Gordon, Judge CT Page 7038
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 7038-EE